## Taheny's Estate.

*R. B. Olmstead,* for plaintiff; *H. M. Rumsey,* for defendant.

MARTIN, P. J., March 1, 1929.—A petition was filed by John J. Cunningham, averring that on March 12, 1910, Dominick Taheny executed a declaration that property, specifically described, was held by him as trustee during the

lifetime of Robert C. Cunningham, the settlor, and upon the death of Robert C. Cunningham, in trust to pay the net income to John J. Cunningham during his natural life, and upon the death of John J. Cunningham, to distribute the *corpus* of the trust estate to Robert C. Cunningham, Jr., and Sarah C. Trimble; that Robert C. Cunningham died Sept. 4, 1911, and Dominick Taheny, the trustee, died April 12, 1926, and the Commonwealth Title Insurance and Trust Company was appointed substituted trustee; that vacant lots, located on the west side of Dungan Street, north of Hunting Park Avenue, formed a part of the trust estate; that there were no improvements on the lots and no revenue derived therefrom; that the taxes were paid by the trustee from the income of the trust estate, of which the petitioner was the sole life-tenant; that on June 1, 1928, the lots were sold for $9350; that the taxes advanced by the trustee from other income of the estate amounted, with interest, to $340.13; that the petitioner, as life-tenant, demanded that the amount of money that had been paid by the trustee should be paid to him for the purchase money received from the lots.

It was averred in the petition that in the year 1910 the value of the land was $1200, and that during the period from 1910 until 1928 various fair and reasonable offers were made to purchase the property; that petitioner urged the trustee to sell, but the remaindermen objected, claiming that the property would increase in value.

It is averred that the lots did increase in value until the sale, and during eighteen years they were maintained and kept intact by advances of taxes by the life-tenant.

A rule was granted on the trustee to show cause why the cost of maintenance of the unproductive real estate should not be refunded to the life-tenant out of the proceeds of the sale of the Dungan Street lots.

An answer was filed by the Provident Trust Company of Philadelphia, averring that it had been appointed trustee in place of the Commonwealth Title Insurance and Trust Company; and that, in addition to personal property of the trust estate, it held the unproductive lots on Dungan Street, the title to which was vested in Dominick Taheny.

The answer admits that the taxes on the lots were paid since the death of Robert C. Cunningham, Sept. 4, 1911, from income derived from personal property of the trust estate, and that there was no other source of income from which taxes could be paid; that at the death of Robert C. Cunningham, these unimproved lots constituted the only realty in the trust estate, except an unimproved lot at the northwest corner of Hunting Park Avenue and Park Avenue, that was sold in March, 1913, realizing $9116.05.

The answer avers that the taxes were paid by Dominick Taheny, the trustee, from 1912 to 1925, from income from the personal property of the trust estate, with the knowledge of the life-tenant and without any protest or objection from him to the trustee; and that, subsequently to the death of the trustee on April 12, 1926, and after the appointment of the Commonwealth Title Insurance and Trust Company as substituted trustee, by decree of court entered April 8, 1927 (whose successor is the Provident Trust Company of Philadelphia), the substituted trustee paid the taxes for 1926, 1927 and from June 1, 1928, in the settlement for the lots, and that the money was paid from income from the personal property of the trust estate, with the knowledge of the life-tenant, and without protest or objection by him.

It is admitted that a demand has been made on the trustee for repayment of the amount representing the taxes from 1912 to 1927, and averred that when the demand was communicated to the parties in remainder, the said

substituted trustee was obliged to decline the demand, but advised the representative of the life-tenant that the substituted trustee was willing to file an account so that the question could be decided.

The answer suggests that the present proceeding is defective, in that the parties in remainder have not been made parties; that the question is one of accounting by the executors of the estate of Dominick Taheny, the deceased trustee; and that the present substituted trustee should file an account of its administration, and the question of the refund of taxes should be submitted to an auditor.

The answer avers that it was the duty of the trustee to pay the taxes from the income of the trust estate, without regard to whether the income was derived from realty or personalty; and that the life-tenant was benefited by the payments, by the conservation and preservation of the trust assets, and now enjoys the income arising from investment of the net proceeds of sales, including the money received from the Dungan Street lots, that has been invested. That the net income from the trust estate between the years 1913 and 1926 was $384 annually, and after 1928 it will be in excess of $900 annually; and $6335.49 has been paid to John J. Cunningham, the life-tenant.

The deposition of John J. Cunningham was taken. He testified that he had asked the trustee to dispose of the lots about 1915, and again in 1926; that he told the trustee in 1915 that the lots should be sold, and the trustee stated it would be a shame to sell them then. He testified to a conversation with Robert C. Cunningham, Jr., the remainderman, in 1928, in which he told the remainderman he was tired of paying taxes, that he would not pay any more, that he was not supposed to pay the taxes, and the remainderman replied that he would sell when he got $12,000.

While there may be no legal obligation on the part of those in remainder to reimburse the life-tenant for the depletion of his income in protecting the vacant property until it became a substantial addition to the *corpus* of the estate, permission on the part of the remainderman to allow the comparatively small claim to be deducted from the handsome sum realized from the sale of the properties that had been preserved by the payment of taxes would be a gracious act.

It was the duty of the trustee to preserve the *corpus* of the estate and to pay to the life-tenant only the net income. If there had been revenue derived from the lots, the taxes would have been properly deducted from that income, and only the balance paid to the life-tenant. If there had been encumbrances on the property, the interest would have been paid out of the income before distribution to the life-tenant. The duties of the trustee demanded that these lots with a prospective value be preserved to the estate. The only money applicable for this purpose was income derived from other sources than the lots themselves, and it was the trustee's duty to use as much of this income as was required to protect the *corpus* of the estate. Petitioner was not entitled to that money.

If the remaindermen are unwilling to allow to the life-tenant the amount of depletion of his income, the court is without authority to compel the payment.

And now, to wit, March 1, 1929, the rule to show cause why the substituted trustee should not refund to John J. Cunningham, from the proceeds of the sale of the Dungan Street lots, the taxes paid during the time the property was held by the trustees prior to the sale is discharged.